# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br>I80 Equipment, LLC<br><br>       Debtor(s). | Case No. 17-81749<br><br>Chapter 7 |
| Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC<br><br>       Plaintiff,<br><br>v.<br><br>J.P. Rentals, LLC<br><br>       Defendant | AP. No. 19- |

## COMPLAINT

Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("Plaintiff") for her Complaint against J.P. Rentals, LLC ("JP Rentals") states as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding arises under the above-captioned chapter 7 case, currently pending in this Court.

2. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1334, 151, 157(a) and 157(b)(2)(A), (F), (H) and (O). Plaintiff consents to entry of final orders or judgment by this Court.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

### PARTIES

4. Plaintiff is the duly appointed, qualified and serving chapter 7 trustee in

the above referenced chapter 7 case.

5. JP Rentals is an Illinois limited liability company formed March 13, 2008 with its principal office at 20490 E. 550th St., Colona, IL 61241.

## COMMON FACTS

6. I80 Equipment, LLC ("Debtor") filed a chapter 7 bankruptcy petition herein on December 6, 2017. Plaintiff was appointed chapter 7 trustee of the case on said date.

7. Debtor was an Illinois limited liability company formed June 14, 2007 with its principal office at 120 Walnut Lane, Colona, IL 61241. Debtor was involuntary dissolved on December 14, 2018.

8. Prior to filing bankruptcy, the Debtor operated a commercial business whereby it purchased and refurbished bucket trucks for resale.

9. At all times relevant herein, Erik R. Jones ("Jones") (a) was the sole member of Debtor; (b) owned 100% of the membership interests in Debtor; and (c) was the sole manager of Debtor.

10. JP Rentals was formed to offer rental options in larger commercial multi-unit properties.

11. At all times relevant herein, Jones (a) was the sole member of JP Rentals; (b) owned 100% of the membership interests in JP Rentals; and (c) was the sole manager of JP Rentals.

12. Jones Lease Properties, LLC ("Jones Lease"), is an Illinois limited liability company formed January 21, 2004 with its principal office at 496 Briargate Dr.,

Colona, IL 61241. On November 26, 2018, Jones Lease commenced a reorganization case under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 1101 et. seq.) and is currently serving as the Debtor in Possession.

13. Jones Lease operates a rental/management company providing single-family and multi-family rental options in the Quad Cities area.

14. At all times relevant herein, Jones (a) was the sole member of Jones Lease; (b) owned 100% of the membership interests in Jones Lease; and (c) was the sole manager of Jones Lease.

15. From on or about January 1, 2015 through November 27, 2017, the Debtor (a) made transfers of its funds; (b) granted credits against indebtedness; and (c) incurred indebtedness to or for the benefit of JP Rentals in the total amount of $2,140,283.21, as follows:

a. $1,658,973.60 of said transfers are set forth in the Debtor's register entitled "JP RENTALS SHORT TERM" between January 1, 2015 and November 27, 2017'

b. $194,000.00 of said transfers were by debits out of the Debtor's checking account ending in 4865 at First Midwest Bank totaling $189,000.00 and a cashier's check for $5,000.00 drawn by Blackhawk Bank & Trust, the source of which was Debtor's funds in account ending in 7863 at said Bank.

c. $759,599.30 of said transfers were for rent owing on properties commonly known as 20490 E. 550th Street, 20160 E. 550th Street Rear and 120 Walnut Ln., Colona, IL ("Leased Properties") which I80 was leasing from Jones Lease and were made by (a) checks to or for the benefit of Jones Lease out of I80's said checking

account at Blackhawk Bank or said checking account at First Midwest Bank; or (b) credits granted to Jones Lease against debt owed by it to I80. However, as Jones Lease and JP Rentals were also utilizing the property, one-third (1/3) of said transfers were to or for the benefit of JP Rentals:

| | | |
|---|---|---|
| (1) Base rent | $ | 624,000.00 |
| (2) MidAmerican Energy | $ | 121,206.50 |
| (3) City of Colona | $ | 3,526.76 |
| (4) County Waste System | $ | 1,598.40 |
| (5) Mediacom | $ | 9,267.64 |
| Total | $ | 759,599.30 |
| One-third (1/3) = | $ | 253,199.77 |

d. The obligation incurred by the Debtor to pay one-third (1/3) of all amounts due under the 2017 lease of the Leased Properties was for the benefit of JP Rentals. Further, as of the date of bankruptcy, one-third (1/3) of the December, 2017 rent due under said lease, or $9,391.35, was unpaid.

e. $10,000.00 was transferred to US Bank on or about 11/21/17 by debit out of said Blackhawk Bank account in payment of amounts owing by JP Rentals on credit card ending in 8847.

f. $14,718.49 was transferred to The Sherwin Williams Company on or about 12/1/17 for the benefit of JP Rentals using a debit card issued by Bento Technologies, Inc.

16. Within one (1) year of bankruptcy, Debtor transferred $724,821.75 of its funds to or for the benefit of JP Rentals.

## COUNT I
### (Aiding and Abetting Breach of Fiduciary Duty)

17. Plaintiff repeats and realleges averments 1 through 16 of her Complaint as if set forth fully herein.

18. This Count is brought pursuant to 11 U.S.C. §§ 541(a)(1) and 544, section 15-3 of the Illinois Limited Liability Company Act (805 ILCS 180/15-3) as effective prior to and as of July 1, 2017 and Illinois common law.

19. Jones, as the sole Member and Manager of Debtor had complete control over Debtor and its financial and business operations.

20. Jones, as the sole Member and Manager of Debtor, owed fiduciary duties to Debtor and, upon its insolvency, to Debtor's creditors as well, including fiduciary duties of loyalty, due care, good faith and fair dealing.

21. Jones's fiduciary duties required him to manage Debtor's financial and business affairs with honesty, due diligence, loyalty and good faith, and to exercise the degree of care that prudent persons, prompted by self-interest, would exercise in the management of their own affairs.

22. Jones caused Debtor to make each of the transfers set forth in paragraph 15 ("Fraudulent Transfers") and to assume the obligation to pay one-third (1/3) of all amounts due under any leases of the Leased Properties, including but not limited to the obligation to pay one-third (1/3) of the December Rent amounting to $9,391.35, for the benefit of JP Rentals.

23. Debtor received no consideration, value or benefit whatsoever in return for

making each of the Fraudulent Transfers and for assuming the said obligation.

24. The Fraudulent Transfers and the assumption of said obligation were to or for the benefit of JP Rentals, who was an insider of the Debtor.

25. JP Rentals was not even in the same business as Debtor; there was no possible valid business purpose in making a single transfer of the Debtor's funds or incurring a single debt to or for the benefit of JP Rentals.

26. The Fraudulent Transfers were concealed from creditors; they were either recorded on the Debtor's books as legitimate expenses or as loans, which they were neither.

27. In causing Debtor to make each of the Fraudulent Transfers and to incur said obligation, Jones breached his aforesaid fiduciary duties owed to Debtor and, upon its insolvency, to Debtor's creditors as well.

28. In causing Debtor to make each of the Fraudulent Transfers and to incur said obligation, Jones conducted Debtor's affairs for the benefit of himself and JP Rentals, and not for the benefit of Debtor and, upon its insolvency, Debtor's creditors as well.

29. In causing Debtor to make each of the Fraudulent Transfers and to incur said obligation, Jones wasted Debtor's assets.

30. In causing the Debtor to make each of the Fraudulent Transfers and to incur said obligation, Jones engaged in grossly negligent or reckless conduct, intentional misconduct and/or in conduct which Jones knew to be in violation of law.

31. JP Rentals knew that, in causing the Debtor to make each of the

Fraudulent Transfers and to incur said obligation, Jones had breached his aforesaid fiduciary duties owed to Debtor and, upon its insolvency, to Debtor's creditors as well.

32. JP Rentals knew that, in causing the Debtor to make each of the Fraudulent Transfers and to incur said obligation, Jones had engaged in grossly negligent or reckless conduct, intentional misconduct and/or in conduct which Jones knew to be in violation of law.

33. Notwithstanding its above knowledge, JP Rentals knowingly participated in and aided and abetted Jones's aforesaid breaches of fiduciary duty, and knowingly accepted the benefits of said breaches.

34. As a direct and proximate result of Jones's aforesaid said breaches, the Debtor and its creditors suffered damages of no less than $2,140,283.21.

35. JP Rental's conduct was extreme and outrageous, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays that this Court:

(a) enter judgment in favor of Plaintiff and against JP Rentals for a sum no less than $2,140,283.21 plus punitive damages, costs and prejudgment interest; and

(b) grant Plaintiff such other relief as is just.

## COUNT II
### (Civil Conspiracy to Breach Fiduciary Duty)

36. Plaintiff repeats and realleges averments 1 through 35 of her Complaint as if set forth fully herein.

37. This Count is brought pursuant to 11 U.S.C. §§ 541(a)(1) and 544, section 15-3 of the Illinois Limited Liability Company Act (805 ILCS 180/15-3) as effective prior to and as of July 1, 2017 and Illinois common law.

38. Jones and JP Rentals agreed and conspired to breach Jones's aforesaid fiduciary duties.

39. JP Rental's conduct was extreme and outrageous, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays that this Court:

(a) enter judgment in favor of Plaintiff and against JP Rentals for a sum no less than $2,140,283.21 plus punitive damages, costs and prejudgment interest; and

(b) grant Plaintiff such other relief as is just.

## COUNT III
### (Aiding and Abetting Conversion)

40. Plaintiff repeats and realleges averments 1-39 as if set forth fully herein.

41. This count is brought pursuant to 541(a)(1), 544 and Illinois common law.

42. JP Rentals knew that Jones's assumption of control and dominion over said $2,130,891.86 in Fraudulent Transfers was wrongful and without authority.

43. Notwithstanding its above knowledge, JP Rentals knowingly participated in and aided and abetted Jones's aforesaid acts and knowingly accepted the benefits of said acts.

44. Plaintiff has a right to immediate possession of said $2,130,891.86, absolutely and without condition.

45.    Plaintiff hereby makes demand for possession of said $2,130,891.86, which has demand not been honored.

46.    JP Rental's conduct was extreme and outrageous, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays that this Court:

(a) enter judgment in favor of Plaintiff and against JP Rentals for a sum no less than $2,130,891.86 plus punitive damages, court costs and prejudgment interest; and

(b) grant Plaintiff such other relief as is just and equitable.

## COUNT IV
### (Civil Conspiracy to Convert)

47.    Plaintiff repeats and realleges averments 1 through 46 of her Complaint as if set forth fully herein.

48.    This Count is brought pursuant to 11 U.S.C. §§ 541(a)(1) and 544 and Illinois common law.

49.    Jones and JP Rentals agreed and conspired to convert Debtor's property.

50.    JP Rental's conduct was extreme and outrageous, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays that this Court:

(a) enter judgment in favor of Plaintiff and against JP Rentals for a sum no less than $2,130,891.86 plus punitive damages, costs and prejudgment interest; and

(b) grant Plaintiff such other relief as is just.

## COUNT V
### (Unjust Enrichment)

51. Plaintiff repeats and realleges averments 1-50 as if set forth fully herein.

52. This count is brought pursuant to 541(a)(1), 544 and Illinois common law.

53. JP Rentals was enriched and Debtor was impoverished as a result of Jones's numerous breaches of fiduciary duties and acts of conversion.

54. It would be unjust and unconscionable to permit JP Rentals to retain the benefit of the funds which were the subject of the Fraudulent Transfers and of Debtor's assumption of the debt for one-third of the December rent.

55. JP Rentals conduct was extreme and outrageous, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays that this Court:

(a) enter a judgment in favor of Plaintiff and against JP Rentals for a sum no less than $2,140,283.21 plus punitive damages, costs and prejudgment interest; and

(b) grant Plaintiff such other relief as is just.

## COUNT VI
### (11 U.S.C. § 548(a)(1)(A)-Actual Fraud)

56. Plaintiff repeats and realleges averments 1-55 of her Complaint as if set forth fully herein.

57. This Count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550 (a)(1) and 551.

58. Upon information and belief, as to the Fraudulent Transfers which were made within two (2) years of bankruptcy in the amount of $1,500,869.72, Debtor

Document Page 11 of 15

made the transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfer was made, indebted, as demonstrated by, including but not limited to, the following facts which constitute badges of fraud:

(a) There was a close relationship between JP Rentals and the Debtor, as Jones was the sole member of each entity, and each entity was controlled and directed by Jones.

(b) The consideration received by the Debtor for the Fraudulent Transfers was inadequate, as the Fraudulent Transfers were wholly made for the benefit of JP Rental, and not the Debtor.

(c) Jones retained control over JP Rentals after the Fraudulent Transfers.

(d) Jones's pattern of recklessly using I80's funds to purchase non-I80 and luxury items for his other entities and his own personal use after I80 had incurred substantial debt.

(e) In making the Fraudulent Transfers to or for the benefit of JP Rentals, Jones engaged in conscious misbehavior and recklessness. No legitimate business purpose of I80 was served by making any of the Fraudulent Transfers. The only purpose of said transfers were to further the real estate business of JP Rentals.

(f) The Debtor was insolvent or became insolvent shortly after the Fraudulent Transfers were made or the Fraudulent Obligations (as defined below) were incurred.

(g) Many of the Fraudulent Transfers to or for the benefit of JP Rentals were concealed, as they were recorded in the Debtor's books, not as gifts, but as accounts

receivable. JP Rentals had no obligation to repay the Fraudulent Transfers to the Debtor (collectively, "Badges of Fraud").

59. Any obligation(s) incurred within two (2) years of bankruptcy by the Debtor for the benefit of JP Rentals, including but not limited to the obligation to pay more than one-third (1/3) of any and all amounts due under leases of the Leased Properties ("Fraudulent Obligations") were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfer was made, indebted, as demonstrated by, including but not limited to, the above Badges of Fraud.

WHEREFORE, Plaintiff prays that this Court:

(a) avoid the said Fraudulent Transfers in the amount of $1,500,869.72;

(b) avoid the Fraudulent Obligations, including but not limited to the Debtor's obligation to pay the December Rent in the amount of $9,391.35;

(c) enter judgment in favor of Plaintiff and against JP Rentals for $1,500,869.72 plus court costs and prejudgment interest;

(d) preserve said transfers for the benefit of this Estate; and

(e) grant Plaintiff such other relief as is just and equitable.

### COUNT VII
### (11 U.S.C. §548(a)(1)(B)-Constructive Fraud)

60. Plaintiff repeats and realleges averments 1-55 as if set forth fully herein.

61. This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

62. As to the Fraudulent Transfers which were made within two (2) years of bankruptcy in the amount of $1,500,869.72 and as to the Fraudulent Obligations (as defined above in paragraph 59, Debtor received less than a reasonably equivalent value in exchange for such transfers and such obligations and, upon information and belief: (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

(a) avoid the said Fraudulent Transfers in the amount of $1,500,869.72;

(b) avoid the Fraudulent Obligations, including but not limited to the Debtor's obligation to pay the December Rent in the amount of $9,391.35;

(c) enter judgment in favor of Plaintiff and against JP Rentals for $1,500,869.72 plus court costs and prejudgment interest;

(d) preserve said transfers for the benefit of this Estate; and

(e) grant Plaintiff such other relief as is just and equitable.

## COUNT VIII
### (Constructive and/or Resulting Trust)

63. Plaintiff repeats and realleges averments 1-62 as if set forth fully herein.

64. This count is brought pursuant to 541(a)(1), 544 and Illinois common law.

65. If Plaintiff's legal remedies are inadequate, Plaintiff is entitled to restitution

and a declaration that property held by JP Rentals having a value up to the amount of Plaintiff's damages is held in a constructive and/or resulting trust for the benefit of Plaintiff.

WEREFORE, Plaintiff prays that this Court:

(a) declare that property held by JP Rentals having a value up to the amount of Plaintiff's damages is held in a constructive and/or resulting trust for the benefit of Plaintiff; and

(b) grant Plaintiff such other relief as is just.

### COUNT IX
### (11 U.S.C. § 547-Insider Preference-FMB)

66. Plaintiff repeats and realleges paragraphs 1-6 and 16 as if fully set forth herein.

67. The transfers set forth in paragraph 16 were to or for the benefit of a creditor for or on account of an antecedent debt(s) owed by Debtor before such transfers were made.

6. Upon information and belief, the above transfers were made while Debtor was insolvent.

69. The above transfers enabled JP Rentals to receive more than it would receive if the transfers had not been made and it received payment of such debt(s) to the extent provided by the provisions of Title 11.

70. JP Rentals was an insider of Debtor at the time of said transfers.

WHEREFORE Plaintiff prays that this Court:

a. avoid the said transfers of $724,821.75;

b. enter judgment in favor of Plaintiff and against JP Rentals for the sum of $724,821.75 plus costs of $350.00, plus prejudgment interest;

c. preserve the said transfers for the benefit of this estate; and

d. grant Plaintiff such other relief as is just.

> Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC
>
> By: /s/ Andrew W. Covey
> One of her attorneys
> Andrew W. Covey #06183817
> 416 Main Street, Suite 700
> Commerce Bank Building
> Peoria, IL 61602
> Tel: 309-674-8125
> Email: acovey1@hotmail.com
>
> By:/s/ Jeana K. Reinbold
> One of her attorneys
> Jeana K. Reinbold #6272531
> 1100 S. 5th Street
> P.O. Box 7315
> Springfield, IL 62791-7315
> Tel: 217-241-5629
> Email: jeana@jeanareinboldlaw.com